1  Philip Mauriello Jr., Esq. (SBN 321227)
2  Arete Law A.P.C.
3  1511 Felspar Street, #3
   San Diego, CA 92109
4  Telephone: (619) 693-6474
5  Email: phil@arete.law

6  Attorney for Plaintiff
7  ASHTON FORBES

8
9              UNITED STATES DISTRICT COURT

10         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

| 12 | ASHTON FORBES, | Case No. '20CV0998 BAS JLB |
|---|---|---|
| 13 | Plaintiff, | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| 14 | vs | |
| 15 | NICK MACCHIONE, FACHE, in his official capacity as Director of San Diego County Health and Human Services; HELEN ROBBINS-MEYER, in her official capacity as Chief Administrative Officer and Director of Emergency Services for the County of San Diego, DR. WILMA WOOTEN, in her official capacity as public health officer of San Diego County Health and Human Services, | 1) **VIOLATION OF THE CALIFORNIA'S POLICE POWER** |
| 16 | | 2) **VIOLATION OF CONSTITUTIONAL RIGHT TO PRIVACY** |
| 17 | | 3) **VIOLATION OF CONSTITUTIONAL RIGHT TO MOVE FREELY** |
| 18 | | 4) **VIOLATION OF CONSTITUTIONAL RIGHT TO PERSONAL MEDICAL DECISIONS** |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | Defendant. | 5) **VIOLATION OF CAL. CONST. ART. 1 § 1 RIGHT TO LIBERTY** |
| 26 | | |
| 27 | | |
| 28 | | |

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

1

## INTRODUCTION

In response to the coronavirus (COVID-19) emergency, Defendants have enacted numerous emergency regulations in an effort to stop the spread of this pandemic. Defendants originally enacted an order dated May 8th, 2020 which required any person over the age of two "when they leave their home or place of residence, shall wear a face covering whenever they are in a business or within six feet of another person who is not a member of their family or household."

With new evidence and data coming to light regarding the science and severity of this specific virus, it has become ever more prevalent the requirement to wear a facial covering is not effective in stopping the spread of COVID-19. As such, the requirement to wear a face mask is overbroad and violates fundamental rights of both the United States Constitution as well as the California Constitution.

## JURISDICTION AND VENUE

2. This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 and §1343.

3. This Court has supplemental jurisdiction over the claims asserted under California's Constitution, statutes, and regulations pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. 1391(b)(1) and (2) because it is a District in which Defendants main offices, exercise their authority in their official capacities, have enforced, and have threatened to enforce those orders.

## PARTIES

5. Plaintiff is citizen and resident of San Diego County.

6. Defendant Helen Robbins-Meyer is made a party to this action in her official capacity as Director of Emergency Services for the County of San Diego is

sued herein in her official capacity to challenge the constitutionality of her office's Order of the Health Officer and Emergency Regulations, dated May 27, 2020.

7. Defendant Nick Macchione is a made party to this action in his official capacity as Director of the San Diego County Health and Human Services Agency. Mr. Macchione is sued herein in his official capacity to challenge the constitutionality of his office's Order of the Health Officer and Emergency Regulations, dated May 27, 2020.

8. Defendant Dr. Wilma Wooten is made a party to this action in her official capacity as public health officer of the San Diego County Health and Human Services Agency is sued herein in her official capacity to challenge the constitutionality of her office's Order of the Health Officer and Emergency Regulations, dated May 27, 2020.

## FACTUAL ALLEGATIONS

9. On or about April 30th, 2020, Defendants filed with the County of San Diego "ORDER OF THE HEALTH OFFICER AND EMERGENCY REGULATIONS" pursuant to California Health and Safety Code sections 101040, 12017 5, and 12017 5 .5 (b) the Health Officer of the County of San Diego.

10. The most recent version of this Public Health Order, under Section 9 of the "ORDER OF THE HEALTH OFFICER AND EMERGENCY REGULATIONS", issued on May 27, 2020 ("Order") attached herein as Exhibit 1 and incorporated herein by this reference[1], requires the Plaintiff (and all citizens of San Diego County over the age of two) may not "leave their home or residence" or come within 6 feet of another individual without having a mask or cloth covering of some kind covering their mouth and nose.

11. San Diego County Website on Face Coverings states in part;

---

[1] As of the date of this filing, the Order can be viewed online at
https://www.sandiegocounty.gov/content/dam/sdc/hhsa/programs/phs/Epidemiology/HealthOfficerOrderCOVID19.pdf

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

      a. "Businesses must: Refuse service to anyone not wearing a face covering."

      b. "In general, you must wear a face covering anywhere you come within six feet of others."[2]

12. Plaintiff is a healthy individual.

## SAN DIEGO COUNTY MASK MANDATE

13. Mandatory face masks are not to protect yourself; they are to protect others from infecting your own person. Defendant Wooten said on April 30, 2020, "When you wear a face covering, you protect those around you."[3]

14. Mandatory mask use is based on the belief that many SARS-CoV-2 transmissions may be from asymptomatic patients.

15. There is much fear, misinformation, and uncertainty on the deadliness of the COVID-19 outbreak. Many models used in the United States, and likely by Defendants, still to this day were based on extrapolating worst-case situations from case fatality rates in foreign countries, that themselves use varying methods to report deaths.

16. The World Health Organization no longer recommends masks for any healthy individual unless they are caring for positive COVID-19 patients; "If you are healthy, you only need to wear a mask if you are taking care of a person with COVID-19."[4]

## DROPLETS, AIRBORNE, AND CONTACT PRECAUTIONS

17. The common misperception is that this SARS-CoV-2 spreads by droplets. There is no evidence to support this is the main method of transmission.

---

[2] *See* https://www.sandiegocounty.gov/content/sdc/hhsa/programs/phs/community_epidemiology/dc/2019-nCoV/face-coverings.html.

[3] David Gotfredson, San Diego County residents required to wear face coverings in public starting May 1, CBS8, (May 1, 2020, 7:43AM), https://www.cbs8.com/article/news/health/coronavirus/san-diego-county-residents-required-to-wear-face-coverings-in-public-starting-may-1/509-4d1bfba7-6a18-42d8-8cf2-41f61b135d3d.

[4] When and how to use a mask, World Health Organization, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/advice-for-public/when-and-how-to-use-masks (last visited May 29, 2020).

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

18. Aerosol droplets are significantly smaller than respiratory droplets and there is significant reduction in effectiveness of filtration in masks from droplet sized particles to aerosol sized ones.

19. Several recent studies have argued that SARS-CoV-2 is airborne. One study put ferrets in cages near one another and found that; "Furthermore, a few naive indirect contact ferrets were positive for viral RNA, suggesting airborne transmission."[5]

20. In a study titled "Airborne Transmission of SARS CoV 2: The World Should Face the Reality," states in part; "Hand washing and maintaining social distance are the main measures recommended by the World Health Organization (WHO) to avoid contracting COVID-19. Unfortunately, these measured do not prevent infection by inhalation of small droplets exhaled by an infected person that can travel distance of meters or tens of meters in the air and carry their viral content."[6]

## ASYMPTOMATIC CARRIERS

21. March 15, 2020, Defendant Wooten stated in an interview; "If you don't have symptoms, that means that you cannot transmit it to other individuals. If you are not actively displaying symptoms, the thinking right now is you cannot spread that to another person."[7]

22. The next day on March 16, 2020, Defendant Wooten further stated; "People think that if you don't have symptoms, you can transmit the disease….There are studies going on where asymptomatic people are being tested to determine if that in fact is true, but we do not have the results of those research data at this time."

---

[5] Young-Il Kim et al., Infection and Rapid Transmission of SARS-CoV-2 in Ferrets, Cell Host & Microbe, (April 6, 2020), pg.1, https://doi.org/10.1016/j.chom.2020.03.023.
[6] Lidia Morawska & Juni Cao, Airborne transmission of SARS- CoV-2; the world should face the reality, Environmental International, (April 10, 2020), pg. 1, https://doi.org/10.1016/j.envint.2020.105730.
[7] Jill Castellano, San Diego officials give inconsistent, confusing COVID-19 statements, iNewsource, (April 15, 2020), https://inewsource.org/2020/04/15/san-diego-officials-give-inconsistent-confusing-covid-19-statements/.

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

23. Plaintiff has learned through his position at Palomar Healthcare that there are currently no confirmed asymptomatic positives after hundreds of surveillance tests.

24. Through his position, Plaintiff has been informed that UCSD asymptomatic surveillance testing has a 1/4000 positive rate.

25. A study of a supposed asymptomatic carrier showed they did not transmit the virus to any of the 455 people exposed to them.[8]

26. The specificity of one of the most accurate tests, the Cepheid Xpert, is between 96-100% with a 95% confidence interval.[9]

27. Even if the true specificity were 99.9% that would be equal to 1 false positive for every 1000.

28. Actual asymptomatic positives are statistically within the margin of error.

## EFFECTIVENESS OF MASKS IN PREVENTING THE SPREAD OF COVID-19

29. The Center for Disease Control does not federally require wearing a mask only recommends it.[10]

30. The United States Surgeon General tweeted on February 29th, 2020, "Seriously people – STOP BUYING MASKS! They are NOT effective in preventing the general public from catching #Coronavirus, but if healthcare providers can't get them to care for sick patients, it puts them and our communities at risk!"[11]

---

[8] Ming Gao et al., A study on infectivity of asymptomatic SARS-CoV-2 carriers, Respiratory Medicine (May 13, 2020), pg. 1, https://doi.org/10.1016/j.rmed.2020.106026.
[9] Maryanne Ibrahim BS et al., High Sensitivity and Specificity of the Cepheid Xpert HIV-1 Qualitative Point-of-Care Test Among Newborns in Botswana, Jaids Journal Of Acquired Immune Deficiency Syndrome, (August 15, 2017), Vol. 75 Issue 5 p. e128-e131, https://journals.lww.com/jaids/Fulltext/2017/08150/Brief_Report__High_Sensitivity_and_Specificity_of.16.aspx.
[10] Cloth Face Coverings: Questions and Answers, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover-faq.html (last visited May 29, 2020).
[11] U.S Surgeon General, Twitter Post on February 29, 2020, https://twitter.com/surgeon_general/status/1233725785283932160 (last visited May 28, 2020).

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

31.  The CDC tweeted on February 27, 2020; "CDC does not currently recommend the use of facemasks to help prevent novel #coronavirus. Take everyday preventive actions, like staying home when you are sick and washing hands with soap and water, to help slow the spread of respiratory illness."[12]

32.  The California Department of Public Health echoed this sentiment stating, "There is limited evidence to suggest that use of cloth face coverings by the public during a pandemic could help reduce disease transmission. Their primary role is to reduce the release of infectious particles into the air when someone speaks, coughs, or sneezes, including someone who has COVID-19 but feels well."[13]

33.  In an article dated April 1st, 2020, Dr. Brosseau wrote in her commentary, "We do not recommend requiring the general public who do not have symptoms of COVID-19 like illness to routinely wear cloth or surgical masks because: there is no scientific evidence they are effective in reducing the risk of SARS-CoV-2 transmission, their use may result in those wearing the masks to relax other distancing efforts because they have a sense of protection, and we need to preserve the supply of surgical masks for at-risk healthcare workers." Dr. Brosseau went on to say, "Sweeping mask recommendations—as many have proposed—will not reduce SARS-CoV-2 transmission, as evidenced by the widespread practice of wearing such masks in Hubei province, China, before and during its mass COVID-19 transmission experience earlier this year. Our review of relevant studies indicates that cloth masks will be ineffective at preventing SARS-CoV-2 transmission, whether worn as source control or as PPE."[14]

---

[12] CDC Twitter Post on February 27, 2020, https://twitter.com/CDCgov/status/1233134710638825473 (last visited May 29, 2020).

[13] California Department of Health (April 1, 2020) https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Face-Coverings-Guidance.aspx.

[14] Lisa M. Brosseau ScD & Margaret Sietsema PhD, Commentary: Masks-for-all for COVID-19 not based on sound data, Center for Infectious Disease Research and Policy, (April 1, 2020), https://www.cidrap.umn.edu/news-perspective/2020/04/commentary-masks-all-covid-19-not-based-sound-data.

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

34. In the same study, it was concluded, "Cloth masks are ineffective as source control and PPE, surgical masks have some role to play in preventing emissions from infected patients, and respirators are the best choice for protecting healthcare and other frontline workers, but not recommended for source control. These recommendations apply to pandemic and non-pandemic situations."[15]

35. In published study on April 6th, 2020, using cloth and surgical masks on COVID-19 positive patients concluded, "[B]oth surgical and cotton masks seem to be ineffective in preventing the dissemination of SARS–CoV-2 from the coughs of patients with COVID-19 to the environment and external mask surface."[16]

36. The studies and conclusions put forth above show that the science and data do not support the use of masks to stop the spread of COVID-19. Because it has been shown they do effectively stop the spread, the requirement of the recent Order by Defendants is not reasonably necessary or narrowly tailored to accomplish its purported goal of stopping the spread of COVID-19. A "better safe than sorry" approach is overbroad and an undue restriction on Plaintiff's Constitutional rights.

### CLAIMS FOR RELIEF
### FIRST CLAIM:
### VIOLATION OF CALIFORNIA'S POLICE POWER
*(By Plaintiff Against All Defendants)*

37. The allegations contained in all preceding paragraphs are incorporated herein by reference.

38. The 10th Amendment of the Constitution provides that powers not delegated to the United States by the Constitution, and not prohibited by it to the states, are reserved to state or to the people.

---

[15] *Id.*
[16] Seongman Bae MD et al., <u>Effectiveness of Surgical and Cotton Masks in Blocking SARS-CoV-2: A Controlled Comparison in 4 Patients</u>, Annals of Internal Medicine, (April 6, 2020), https://doi.org/10.7326/M20-1342.

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

39. The Fourteenth Amendment of the United States Constitution states that no State shall "deprive any person of life, liberty or property, without due process of law." U.S Const. amend XIV § 1.

40. Defendants state their authority to enact the measures in their Order comes from comes from California Health and Safety Code Sections 10140, 120175, and 120175.5.

41. The commonality between these sections is in the phrasing of what is "necessary" to prevent the spread of a communicable or infectious disease. As presented by the Plaintiff, the requirement to wear a facial covering is not necessary or effective in preventing the spread of COVID-19.

42. The general power of governing, possessed by the states but not only by the federal government, is called the police power. *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 132 (2012). The police power is inherent in a government to enact laws within constitutional limits to promote the health, safety, morals, order, and general welfare of society. *See In re Ramirez*, 193 Cal. 633, 226 P. 914, 34 A.L.R. 51 (1924); *In re Marriage of Kelkar*, 229 Cal. App. 4th 833, 176 Cal. Rptr. 3d 905 (2d Dist. 2014); *Galyon v. Municipal Court of San Bernardino Judicial Dist., San Bernardino County*, 229 Cal. App. 2d 667, 40 Cal. Rptr. 446 (4th Dist. 1964).

43. The police power, though broad and powerful, is not without its limits. While the police power can be used by a state to promote the public health, safety, morals, and general welfare, it must not amount to an improper or arbitrary infringement of the constitutional rights of individuals. *Bacich v. Board of Control of California*, 23 Cal. 2d 343, 144 P.2d 818 (1943). Our system does not tolerate unrestrained overriding of the rights of individuals in the name of the police power. *Pac. Emp. Ins. Co. v. Indus. Comm'n*, 219 Cal. App. 2d 634, 640, 33 Cal. Rptr. 442, 446 (Ct. App. 1963).

44. While there is a large amount of discretion delegated to public health officials to protect the public health, their actions are still reviewable by court to ensure that do not arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations. *Jew Ho v. Williamson*, 103 F. 10, 19 (C.C.N.D. Cal. 1900).

45. The question of whether or not the exercise of police power is valid depends on the question of whether the acts are reasonable and free of oppression. *State Sav. & Commercial Bank v. Anderson*, 165 Cal. 437, 132 P. 755 (1913), aff'd, 238 U.S. 611, 35 S. Ct. 792, 59 L. Ed. 1488 (1915). The measures adopted under the authority of the police power must be <u>reasonably necessary to accomplish such a purpose and narrowly tailored</u>. *Wholesale Tobacco Dealers Bureau of Southern California v. National Candy & Tobacco Co.*, 11 Cal. 2d 634, 82 P.2d 3, 118 A.L.R. 486 (1938). *See also Publius v. Boyer-Vine,* 237 F. Supp. 3d 997 (E.D. Cal. 2017) (construing California statute). It is apparent based on the data presented by the Plaintiff that the requirement to wear a facial covering does not accomplish the purpose of stopping the spread of COVID-19, nor is it narrowly tailored to do so.

46. The police power must ordinarily be applied to existing conditions. *Skalko v. City of Sunnyvale*, 14 Cal. 2d 213, 93 P.2d 93 (1939). However, based on the factual analysis above, the existing conditions do not warrant a facial covering to prevent the spread of COVID-19.

47. Defendants have thus gone beyond their authority to enact what is "necessary" to prevent the spread of COVID-19 because the science does not support the argument that facial coverings are effective in preventing the spread of this contagious disease.

48. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and permanent injunctive relief invalidating or restraining enforcement of the Order.

49. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM:

## VIOLATION OF CONSTITUTIONAL RIGHT TO PRIVACY

*(By Plaintiff Against All Defendants)*

50. The allegations contained in all preceding paragraphs are incorporated herein by reference.

51. Section 9 of Defendants' Order requires any individual over the age of two and without any precluding health condition to wear a facial covering once they leave their residence.

52. The Fourteenth Amendment of the United States Constitution states that no State shall "deprive any person of life, liberty or property, without due process of law." U.S Const. amend XIV § 1.

53. Section 29 of Defendants' Order states that any individual who violates the Order is "subject to fine, imprisonment, or both."

54. There exists a number of "penumbras" in the Constitution which create zones of privacy. *Griswold v. Connecticut*, 381 U.S. 479, 484, 85 S. Ct. 1678, 1681, 14 L. Ed. 2d 510 (1965).

55. "[G]overnmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." *Id.* at 485.

56. The Order created and enforced by Defendants is sweeping and unnecessarily broad as it is not based on science or data which shows that facial coverings are not effective in stopping the spread of COVID-19.

57. As such, the mask mandate is overbroad and unnecessary and invades Plaintiff's constitutional right to privacy by forcing him to wear a facial covering.

Further, the Order violates Plaintiff's Fourteenth Amendment rights under the Constitution by depriving him of his right to privacy without due process.

58. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and permanent injunctive relief invalidating or restraining enforcement of the Order.

59. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM:
### VIOLATION OF CONSTITUTIONAL RIGHT TO MOVE FREELY
(*By Plaintiff Against All Defendants*)

60. The allegations contained in all preceding paragraphs are incorporated herein by reference.

61. Though not expressly found in the Constitution, the right to "travel" or move freely, is an inherent freedom granted to the citizens. *Saenz v. Roe*, 526 U.S. 489, 498, 119 S. Ct. 1518, 1524 (1999). It is "a virtually unconditional personal right, guaranteed by the Constitution to us all." *Shapiro* v. *Thompson*, 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969).

62. The right to free movement and travel is a right that all citizens are free to travel "uninhibited by statutes, rules or regulations, which unreasonably burden or restrict their movement." People v. Moran, 1 Cal. 5th 398, 405, 376 P.3d 617, 622 (2016). Further, the right to intrastate travel has been recognized as a basic human right protected by Article 1, Sections 7 and 24 of the California Constitution.

63. When asserting a facial challenge, a party seeks to vindicate not only his own rights, but those of others who may also be adversely impacted by the statute in question. See S*ecretary of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955, 81 L. Ed. 2d 786, 104 S. Ct. 2839 (1984).

64. The requirement of Plaintiff to wear a facial covering in public when not in his residence restricts his right to travel within the County by forcing him to make a decision between wearing a facial covering which provides no medical benefit and in fact creates other collateral health risks, or remain a prisoner in his own home. Either choice violates essential constitutional rights of the Plaintiff.

65. This choice is made by thousands of San Diego County residents every single day, thus violating not only Plaintiff's rights but the rights of all citizens in the County.

66. Forcing Plaintiff to make a choice between violating his right to travel and move freely or his right to privacy violates his rights under the Fourteenth Amendment, Section 1 of the United States Constitution.

67. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and permanent injunctive relief invalidating or restraining enforcement of the Order.

68. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## FOURTH CLAIM:
## VIOLATION OF CONSTITUTIONAL RIGHT TO PERSONAL MEDICAL DECISIONS
*(By Plaintiff Against All Defendants)*

69. The allegations contained in all preceding paragraphs are incorporated herein by reference.

70. The Defendants' Order mandates the wearing of a facial cover as either a way to protect the wearer or those around them. The distinction is unclear, and the science does not support either assertion.

71. "'The right to one's person may be said to be a right of complete immunity; to be let alone.'" *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251, 11 S. Ct. 1000, 1001, 35 L. Ed. 734 (1891).

72. A competent person possesses the right to decline unwanted medical treatment if they so choose. *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990).

73. The Order forces Plaintiff to make a medical choice for his person by requiring the wearing of a facial covering when in public. As an informed citizen, Plaintiff understands the wearing of a facial covering does not protect him from COVID-19 nor does it protect others in his immediate vicinity.

74. Forcing Plaintiff to wear a facial covering in public or in businesses violates his rights under the Fourteenth Amendment by depriving him of the liberty to make medical decisions for himself.

75. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and permanent injunctive relief invalidating or restraining enforcement of the Orders.

76. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### FIFTH CLAIM:
### VIOLATION OF CAL. CONST. ART. 1 § 1 RIGHT TO LIBERTY
(*By Plaintiff Against All Defendants*)

77. The allegations contained in all preceding paragraphs are incorporated herein by reference.

78. Since 1879, the California Constitution has provided intrinsic and unalienable rights and liberties to its citizens. Chief among those rights and liberties are those found in Article 1 of the California Constitution. Article 1, Section 1 of the California Constitution provides in pertinent part:

>All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

79. Defendants Order has interfered with Plaintiff's rights and liberties under Article 1, Section 1 of the California Constitution by depriving him of his liberty to freely move about in public, as well as an invasion of the privacy of his person by requiring him to wear a facial covering that does not accomplish the state's goal of stopping the spread of COVID-19.

80. The burden is on the Defendants to prove the reasonableness of the Order in the face of overwhelming scientific evidence that facial coverings are not reasonably necessary, or a narrowly tailored regulation required to prevent the spread of COVID-19.

81. Plaintiff has suffered and will continue to suffer harm to his constitutional rights unless Defendants are enjoined from continuing to enforce their Order.

82. Plaintiff has found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorney fees and costs pursuant to California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. For an order and judgement providing injunctive and declaratory relief;

2. An order permanently enjoining and prohibiting Defendants from enforcing Section 9 of their Order requiring the use of a facial covering when in public;

---

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF

3. Award Plaintiff costs and attorneys' fees;

4. Award Plaintiff any further relief to which they may be entitled and such other relief as this Court may deem just and proper; and

5. That this Court retain jurisdiction as necessary to enforce the Court's orders.

Dated:                                             Respectfully submitted,

/s/Philip Mauriello Jr.
Philip Mauriello Jr. Jr.
(CA Bar No. 321227)
Arete Law A.P.C.
phil@arete.law
1511 Felspar St. #3
San Diego, CA 92109
Telephone: (619) 693-6474
*Attorney for the Plaintiff*
*Ashton Forbes*

COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF