1   XAVIER BECERRA
    Attorney General of California
2   PAUL STEIN
    Supervising Deputy Attorney General
3   NATASHA SAGGAR SHETH
    Deputy Attorney General
4   State Bar No. 282896
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3818
6    Fax:  (415) 703-5480
     E-mail:  Natasha.Sheth@doj.ca.gov
7   *Attorneys for Governor Gavin Newsom and*
    *Erica Pan, in their official capacities*

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  **ASHTON FORBES,** | 3:20-cv-00998-BAS-JLB |
| 13                                              Plaintiff, | **STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO** |
| 14       v. | **DISMISS SECOND AMENDED COMPLAINT** |
| 15 | |
| 16  **COUNTY OF SAN DIEGO, GOVERNOR GAVIN NEWSOM in** | Judge:        Hon. Cynthia A. Bashant |
| 17  **his official capacity, ERICA PAN, in her official capacity, and DOES 1-50,** | Courtroom:    4B |
| 18                                            Defendants. | Hearing Date : Tuesday, Sept. 8, 2020 |
| 19 | **NO ORAL ARGUMENT UNLESS** |
| 20 | **REQUESTED BY THE COURT** |

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

Introduction..................................................................................................1

Argument .....................................................................................................2

    I.     The Mask Order Is Constitutional Under *Jacobson*. ...........................2

    II.    Plaintiff Fails to State a Constitutional Claim Under Any
         Standard...........................................................................................5

         A.    Plaintiff Fails to State a Claim for "Violation of
              California's Police Power." ..................................................5

         B.    Plaintiff's Right-to-Privacy and "Right to Personal
              Medical Decisions" Claims Fail. ...............................................6

         C.    Plaintiff's Right-to-Travel Claim Fails. ...................................8

         D.    Plaintiff's Claim Under the California Constitution
              (Article I, § 1) is Barred By Sovereign Immunity.....................9

Conclusion ..................................................................................................9

# TABLE OF AUTHORITIES

**Page**

CASES

*Carey v. Population Servs., Int'l*
    431 U.S. 678 (1977) ................................................................................. 6

*Cholla Ready Mix, Inc. v. Civish*
    382 F.3d 969 (9th Cir. 2004) .............................................................. 6, 9

*Cruzan by Cruzan v. Dir., Missouri Dep't of Health*
    497 U.S. 261 (1990) ................................................................................. 7

*Edwards v. California*
    314 U.S. 160 (1941) ................................................................................. 9

*F.D.I.C. v. Garner*
    126 F.3d 1138 (9th Cir. 1997) ................................................................ 5

*Fields v. Palmdale Sch. Dist.*
    427 F.3d 1197 (9th Cir. 2005) ................................................................ 6

*Givens v. Newsom*
    No. 2:20-cv-00852-JAM-CKD, 2020 WL 2307224 (E.D. Cal. May
    8, 2020) ..................................................................................................... 5

*In re Abbott*
    954 F.3d 772 (5th Cir. 2020) ............................................................. 3, 4

*In re Rutledge*
    956 F.3d 1018 (8th Cir. 2020) ....................................................... 2, 3, 4

*Jacobson v. Massachusetts*
    197 U.S. 11 (1905) ...................................................................... 2, 3, 4, 5

*Kansas v. Hendricks*
    521 U.S. 346 (1997) ................................................................................. 2

*Kolender v. Lawson*
    461 U.S. 352 (1983) ................................................................................. 8

ii

1
2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3
4
*Mendoza v. Garrett*
    358 F. Supp. 3d 1145 (D. Or. 2018)..................................................................8

5
*Nat'l Fed'n of Indep. Bus. v. Sebelius*
    567 U.S. 519 (2012) .........................................................................................1
6

7
*Nunez ex rel. Nunez v. City of San Diego*
    114 F.3d 935 (9th Cir. 1994)............................................................................8
8

9
*Paris Adult Theatre I v. Slaton*
    413 U.S. 49 (1973)............................................................................................6
10

11
*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984)............................................................................................6

12
13
*S. Bay United Pentecostal Church v. Newsom*
    140 S. Ct. 1613 (2020) .............................................................................2, 3, 7

14
15
*Torres v. Lynch*
    136 S. Ct. 1619 (2016) .....................................................................................5

16
17
*Vasquez v. Rackauckas*
    734 F.3d 1025 (9th Cir. 2013)..........................................................................9

18
19
*Whitlow v. California*
    203 F. Supp. 3d (S.D. Cal. 2016) .....................................................................8

20
**CONSTITUTIONAL PROVISIONS**

21
22
California Constitution
    Article I, § 1......................................................................................................9

23
**STATUTES**

24
Federal Rules of Civil Procedure
    Rule 25(d)..........................................................................................................1
25

26
27
28

**INTRODUCTION**

California Governor Gavin Newsom and Acting State Public Health Officer, Dr. Erica Pan[1] ("State Defendants") hereby submit this reply in response to Plaintiff's Opposition (ECF No. 13),[2] and in further support of the State Defendants' motion to dismiss the Second Amended Complaint ("SAC").

Plaintiff concedes that "public health officials do have the right and power to safeguard their citizenry against contagious disease for the general welfare of their locality." Opp'n at 14:12–14.[3] He disputes, however, whether the COVID-19 pandemic is really as severe as it appears (see id. at 6–8), and whether masks are really effective in combating the pandemic (see id. at 8–9). As the State Defendants' motion demonstrated, however, there is no merit to Plaintiff's efforts to manufacture scientific controversy here: the June 18 Guidance regarding face coverings (the "Mask Order") is supported by a wide and deep scientific consensus. See, e.g., ECF No. 12-1, at 10–12; ECF No. 12-2, Exs. 5-8.

But even if one were to assume (for purposes of this motion to dismiss) that the science supporting cloth face coverings "remains unsettled" (Opp'n at 8:13), Plaintiff still could not maintain this lawsuit. Federal courts "are vested with the authority to interpret the law;" they "possess neither the expertise not the prerogative to make policy judgments." Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 538 (2012) (opinion of Roberts, C.J.). Plaintiff may disagree with the

---

[1] Dr. Erica Pan is now Acting State Public Health Officer, having succeeded Dr. Sonia Angell on August 9, 2020. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Dr. Pan is automatically substituted for Dr. Angell as defendant. See SAC, ¶ 7 (naming Dr. Angell, in her official capacity as State Public Health Officer, as a defendant).

[2] Although Plaintiff's opposition is styled as a defense to the San Diego County Defendants' motion alone, it appears to address arguments made by the State Defendants, as well. Accordingly, the State Defendants construe it as an opposition to both pending motions to dismiss.

[3] Citations to page numbers in the Opposition and to the State Defendants' motion to dismiss are to ECF page numbers in blue at the top of the page.

Mask Order as a policy matter, but—as explained below and in the motion to dismiss—he states no legal claim against it.

This conclusion would only be bolstered if it were true, as Plaintiff contends, that the policy wisdom of the Mask Order is open to debate. When state officials act to protect public health and safety "in areas fraught with medical and scientific uncertainties, their latitude must be especially broad." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring). Plaintiffs' claims would fail under any constitutional standard; their failure is only heightened by the deference due to directives, such as the Mask Order, aimed at combating a public health emergency.

For these reasons, and because any amendment would be futile, the complaint should be dismissed without leave to amend.

## ARGUMENT

### I.   THE MASK ORDER IS CONSTITUTIONAL UNDER *JACOBSON*.

The Supreme Court has long recognized that "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members." *Jacobson v. Massachusetts*, 197 U.S. 11, 27 (1905) (internal quotation marks omitted); *see also Kansas v. Hendricks*, 521 U.S. 346, 356 (1997) (recognizing the continuing vitality of *Jacobson*). As the Chief Justice has emphasized in the context of the COVID-19 pandemic, federal courts should give broad latitude to state officials seeking to protect public health and safety, particularly "in areas fraught with medical and scientific uncertainties." *S. Bay United Pentecostal Church*, 140 S. Ct. at 1613 (citing, *inter alia*, *Jacobson*, 197 U.S. 11). Thus, under "the Supreme Court's framework for reviewing constitutional challenges to state actions taken in response to a public health crisis"—that is, under the *Jacobson* framework—significant deference is due to state officials' public health judgments. *In re Rutledge*, 956 F.3d 1018, 1027 (8th Cir. 2020). And, under that *Jacobson* framework—which Plaintiff agrees is

2

1  controlling (*see* Opp'n at 11–12)—there is no question that the Mask Order is
2  constitutional.

3    First, there is no question that the Mask Order has a "real or substantial
4  relation to the protection of the public health." *Jacobson*, 197 U.S. at 31.  Although
5  Plaintiff contends that "the effectiveness of masks for COVID-19 does not garner
6  near universal consensus" (Opp'n at 13:8–9), *Jacobson* does not require "universal
7  consensus."  Such a requirement would, of course, be incompatible with the
8  deference due to state officials when they act "in areas fraught with medical and
9  scientific uncertainties."  *S. Bay United Pentecostal Church*, 140 S. Ct. at 1613.
10  Indeed, *Jacobson* itself acknowledged that some medical professionals "attach[ed]
11  little or no value to vaccination as a means of preventing the spread of smallpox."
12  197 U.S. at 30.  *Jacobson*, however, left it to state officials to resolve this policy
13  debate:

14       We must assume that, when the statute in question was passed, the
15       legislature of Massachusetts was not unaware of these opposing theories,
         and was compelled, of necessity, to choose between them. It was not
16       compelled to commit a matter involving the public health and safety to
         the final decision of a court or jury. It is no part of the function of a court
17       or a jury to determine which one of two modes was likely to be the most
         effective for the protection of the public against disease. That was for the
18       legislative department to determine in the light of all the information it
         had or could obtain. It could not properly abdicate its function to guard
19       the public health and safety. The state legislature proceeded upon the
         theory which recognized vaccination as at least an effective, if not the
20       best-known, way in which to meet and suppress the evils of a smallpox
         epidemic that imperiled an entire population.

21

22  *Id.* at 30–31.  Indeed, courts have subsequently framed *Jacobson*'s requirement of a
23  "real or substantial relation to the protection of the public health" as an inquiry into
24  whether putative public-health measures are "pretextual"—and have cautioned that
25  "courts may not second-guess the wisdom or efficacy of the measures."  *In re*
26  *Abbott*, 954 F.3d 772, 785 (5th Cir. 2020); *accord Rutledge*, 956 F.3d at 1028.

27    In this light, there is no question that the Mask Order has a real and substantial
28  relation to the public health goal of slowing the spread of COVID-19.  Although

3

1   Plaintiff selectively cites a handful of cherry-picked data points—including studies
2   on influenza (*see* Opp'n at 8–9, 13–14), which the CDC has found to be less
3   contagious than COVID-19[4]—to second-guess the wisdom or efficacy of the Mask
4   Order, he does not and cannot allege that the Mask Order is pretextual.[5]

5         Second, the Mask Order is not "beyond all question, a plain, palpable
6   invasion" of constitutional rights.  *Jacobson*, 197 U.S. at 31; *accord Rutledge*, 956
7   F.3d at 1027.  Consistent with *Jacobson*, the Mask Order contains "basic
8   exceptions for extreme cases."  *Abbott*, 954 F.3d at 785.  For example, the Mask
9   Order (which requires coverings only in certain public settings that present elevated
10  public health risk to begin with) expressly exempts those with medical conditions
11  incompatible with face coverings.  And indeed, as explained more fully below (*see*
12  Section II, *infra*) the Mask Order does not infringe constitutional rights at all—let
13  alone "plainly," "palpably," or "beyond all question."

14        In sum, Plaintiff does not, and cannot, allege facts showing that the Mask
15  Order is arbitrary, or was implemented as a pretext to achieve some other,
16  unspecified goal unrelated to public health.[6]  Under the *Jacobson* framework, the
17  motion to dismiss should be granted.

18         [4] *See, e.g.*, Centers for Disease Control and Prevention (CDC) website,
19  *Similarities and Differences between Flu and COVID-19, How it Spreads* (noting
    that "COVID-19 is more contagious among certain populations and age groups than
20  flu. Also, COVID-19 has been observed to have more superspreading events than
    flu. This means the virus that causes COVID-19 can quickly and easily spread to a
21  lot of people and result in continuous spreading among people as time
22  progresses."), available at https://www.cdc.gov/flu/symptoms/flu-vs-
23  covid19.htm#:~:text=Influenza%20(Flu)%20and%20COVID%2D19%20are%20bo
    th%20contagious%20respiratory,by%20infection%20with%20influenza%20viruses
24  . (last visited Aug. 29, 2020).
25         [5] And in fact, notwithstanding Plaintiff's arguments to the contrary, there is a
    deep and wide scientific and medical consensus supporting the imposition of mask
26  requirements, including but not limited to recent guidance issued by the CDC and
27  the WHO.  *See, e.g.,* ECF No. 12-1 at 10-12; ECF No. 12-2, Exs. 6-8.
          [6] Plaintiff's reliance on *Jew Ho v. Williamson*, (cite) (see Opp'n at 16), is
28

## II.  PLAINTIFF FAILS TO STATE A CONSTITUTIONAL CLAIM UNDER ANY STANDARD.

Ultimately, however, it is unnecessary to rely on *Jacobson* to grant the State Defendants' motion to dismiss.  As explained below, Plaintiff fails to state a claim even under modes of constitutional analysis that apply outside the context of public health emergencies.

### A.  Plaintiff Fails to State a Claim for "Violation of California's Police Power."

As to Plaintiff's purported claim for "violation of California's police power" (SAC, ¶¶ 41-53), Plaintiff does not specifically address, let alone refute, the fundamental defect identified in the motion.  *See* ECF No. 12-1 at 17–21.[7]  There is no such claim, as a matter of federal law: in the absence of a specific constitutional limitation to the contrary, the State's police power to protect public health and safety is plenary.  *See, e.g.*, *Torres v. Lynch*, 136 S. Ct. 1619, 1625 (2016).  And, as explained below and in the motion to dismiss, the Mask Order does not violate any federal constitutional rights.

This claim also fails for an additional reason: as Plaintiff's opposition makes clear, he seeks to invoke purported state-law limitations on California's police power.  *See* Opp'n at 15–16 (citing state-law cases).  But even if Plaintiff's state-law argument were correct (which it is not), it would be barred by sovereign

---

borderline frivolous and barely merits mentioning.  *Jew Ho* is "clearly inapposite" because it involved a "racially-motivated and scientifically-unfounded quarantine of San Francisco's Chinatown."  *Givens v. Newsom*, No. 2:20-cv-00852-JAM-CKD, 2020 WL 2307224, at *9 (E.D. Cal. May 8, 2020).

[7] Indeed, Plaintiff's opposition repeatedly fails to address arguments raised in the State Defendants' motion to dismiss.  Plaintiff has therefore waived any opposition to those arguments.  *See, e.g.*, *F.D.I.C. v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (finding that appellant waived issue where they presented no case law or argument in support of their contention of error).  Such waiver, alone, would be a sufficient basis on which to grant the State Defendants' motion to dismiss.

5

1  immunity: "a federal suit against state officials on the basis of state law contravenes

2  the Eleventh Amendment when—as here—the relief sought . . . has an impact

3  directly on the state itself." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

4  89, 117 (1984).  For this reason, too, this claim should be dismissed.  *See, e.g.*,

5  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973–74 (9th Cir. 2004) (affirming

6  dismissal of a state-law claim under *Pennhurst*).

7
8
   **B.    Plaintiff's Right-to-Privacy and "Right to Personal Medical Decisions" Claims Fail.**

9  As explained in the State Defendants' motion to dismiss (*see* ECF No. 12-1 at

10  21, 23), Plaintiff's claims for violation of the right to privacy and the "right to

11  personal medical decisions" (SAC, ¶¶ 54-62, 72-79) fail as a matter of law.

12  Plaintiff's privacy claim fails because, as explained in the motion (ECF No.

13  12-1 at 21), the Mask Order requires only that individuals wear a face covering in

14  certain high-risk *public* settings.  This alone is fatal to Plaintiff's right-to-privacy

15  claim: the right to privacy does not follow an individual into public spaces.  *See*

16  *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 66–67 (1973).  Moreover, the right to

17  decide for oneself whether to wear a face covering in public amid a global

18  pandemic is not the kind of fundamental liberty interest that courts have historically

19  recognized as protected under the constitutional right to privacy.  *See Paris Adult*

20  *Theatre I*, 413 U.S. at 65; *Carey v. Population Servs., Int'l*, 431 U.S. 678, 684–85

21  (1977).  Whether to wear a mask in public is simply not the kind of intimate

22  decision that the right to privacy has been held to protect.  *See, e.g.*, *Fields v.*

23  *Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005), *as amended on denial of*

24  *rehearing*, 447 F.3d 1187 (9th Cir. 2006) (collecting cases recognizing a right to

25  privacy in the context of "intimate decisions" involving procreation and the family).

26  As to Plaintiff's claim based on an asserted "constitutional right to personal

27  medical decisions," Plaintiff appears to treat that claim as interchangeable with his

28  right-to-privacy claim (*see* Opp'n at 16–17)—effectively conceding that the two

1   claims are coextensive.  So construed, Plaintiff's "right to personal medical

2   decisions" claim fails for the same reasons as his right-to-privacy claim.  But even

3   if that claim were addressed separately, it would fail for additional reasons.

4        First, even taking Plaintiff's asserted "right to personal medical decisions" at

5   face value, it strains credulity to describe the Mask Order as implicating "medical

6   decisions" in any meaningful sense.  A requirement to wear a mask in public cannot

7   plausibly be described as "medical treatment" (*cf.* SAC, ¶¶ 75–76): it is not at all

8   comparable, for example, to "the forced administration of life-sustaining medical

9   treatment" at issue in the case on which Plaintiff relies (SAC, ¶ 75).  *See Cruzan by*

10  *Cruzan v. Dir., Missouri Dep't of Health,* 497 U.S. 261, 278 (1990).

11       Second, and more fundamentally, there is no indication that courts have ever

12  recognized an absolute "right to personal medical decisions" of the kind Plaintiff

13  seems to advocate.  On the contrary, courts have balanced an individual's

14  "constitutionally protected liberty interest in refusing unwanted medical treatment"

15  against societal interests like "the State's interest in preventing disease."  *Cruzan,*

16  497 U.S. at 278 (citing *Jacobson*, 197 U.S. at 24–30).  "[W]hether respondent's

17  constitutional rights have been violated must be determined by balancing his liberty

18  interests against the relevant state interests."  *Id.* at 279.  Here, any minimal

19  intrusion caused by the requirement to wear a mask in public is vastly outweighed

20  by the State's interest in curbing the spread of COVID-19—including the spread of

21  COVID-19 caused by asymptomatic individuals, or individuals who otherwise

22  believe themselves to be healthy.

23       It does not matter that Plaintiff describes himself as "healthy."  *See* Opp'n at

24  17:14–15.  The State's has an interest in preventing those who believe themselves

25  to be healthy from spreading COVID-19: it is beyond reasonable dispute that such

26  individuals may nevertheless spread COVID-19.  *See, e.g.*, *S. Bay United*

27  *Pentecostal Church*, 140 S. Ct. at 1613 ("Because people may be infected but

28  asymptomatic, they may unwittingly infect others.").  Moreover, courts have

recognized that even healthy individuals may be subject to compulsory vaccination for the sake of public health. *See, e.g.*, *Whitlow v. California*, 203 F. Supp. 3d, 1079, 1083 (S.D. Cal. 2016) (citing *Jacobson*, 197 U.S. at 27, and *Zucht v. King*, 260 U.S. 174 (1922)). Compared to such vaccination, the Mask Order presents a lesser intrusion on individual liberty, outweighed by an even more compelling public-health interest: if healthy individuals may be subject to compulsory vaccination in the interest of public health even during normal times, surely potentially asymptomatic individuals may be required to wear a cloth face covering during a global pandemic.

## C.   Plaintiff's Right-to-Travel Claim Fails.

As outlined in the State Defendants' motion to dismiss (ECF No. 12-1 at 22), Plaintiff's right to travel claim fails for several reasons.

First, the Mask Order does not implicate any right to travel. The Mask Order does not directly restrict Plaintiff's ability to travel. Rather, like many other statutes, it regulates Plaintiff's conduct in public settings. If restrictions on individual conduct in public settings implicated the right to travel, all sorts of laws regulating individual conduct would implicate the right to travel, and there would be many cases so holding. But Plaintiff cites none.

Second, Plaintiff alleges only that the Mask Order "restricts his right to travel within the County" (SAC, ¶ 67), but "neither the Supreme Court nor the Ninth Circuit has recognized a constitutional right to *intrastate* travel." *Mendoza v. Garrett*, 358 F. Supp. 3d 1145, 1173 (D. Or. 2018) (emphasis added); *see Nunez ex rel. Nunez v. City of San Diego*, 114 F.3d 935, 944 n.7 (9th Cir. 1994). *Kolender v. Lawson*, which rested on void-for-vagueness grounds, is not to the contrary. *See* 461 U.S. 352, 360–62 (1983).[8]

---

[8] To the extent that Plaintiff challenges the Mask Order under the California Constitution's right to travel, that claim is barred by sovereign immunity. *See* ECF No. 12-1 at 23, n. 16. (*See also* Section II.A, *supra*, and Section II.D., *infra*.)

1    Third, even assuming that the Mask Order implicates a constitutionally

2  protected right to travel, it does not violate that right.  The right to travel does not

3  include a right to "endanger others by carrying contagion about." *Edwards v.*

4  *California*, 314 U.S. 160, 184 (1941) (Jackson, J., concurring).  It is therefore

5  subject to reasonable regulation in the name of public health—and the Mask Order

6  is such a reasonable regulation.

7    **D.    Plaintiff's Claim Under the California Constitution (Article I,**
          **§ 1) is Barred By Sovereign Immunity.**

8

9    As explained in Defendants' Motion to Dismiss (ECF No. 12-1 at 24)—and

10  much like Plaintiff's state-law argument concerning the scope of California's police

11  power (*see supra*, Section II.A) and the right to travel (*see supra*, Section II.C)—

12  Plaintiffs' claim under Article I, section 1 of the California Constitution (SAC,

13  ¶¶ 80-85) is barred by sovereign immunity.  "A federal court may not grant

14  injunctive relief against state officials on the basis of state law." *Vasquez v.*

15  *Rackauckas,* 734 F.3d 1025, 1041 (9th Cir. 2013).  Accordingly, this state-law

16  claim should be dismissed. *See Cholla Ready Mix*, 382 F.3d at 973–74.

17              **CONCLUSION**

18    For the foregoing reasons, the Court should dismiss the Second Amended

19  Complaint.  Moreover, any attempt to "allege additional facts or alternative causes

20  of action regarding but not limited to any current facts relating to the effectiveness

21  of facial coverings in slowing the spread of COVID-19" (Opp'n at 21) would be

22  futile.  Accordingly, the complaint should be dismissed without leave to amend.

23

24

25

26

27

28

1   Dated:  September 1, 2020              Respectfully Submitted,

2                                         XAVIER BECERRA
                                       Attorney General of California

3                                       PAUL STEIN
                                       Supervising Deputy Attorney General

4

5

6                                       */s/ Natasha Saggar Sheth*
                                     NATASHA SAGGAR SHETH

7                                       Deputy Attorney General
                                       *Attorneys for Governor Gavin*

8                                       *Newsom and Erica Pan, in their*
                                       *official capacities*

9   SA2020302047
   42330905.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:     ***Forbes, Ashton v. County of San Diego, et al.***     Case No.     **3:20-cv-00998**

I hereby certify that on September 1, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 1, 2020, at San Francisco, California.

| | |
|---|---|
| M. Mendiola | *M. Mendiola* |
| Declarant | Signature |

SA2020302047
42331590.docx