THOMAS E. MONTGOMERY, County Counsel (SBN 109654)
County of San Diego
By Timothy M. White, Senior Deputy (SBN 220847)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4865; Fax: (619) 531-6005
E-mail: timothy.white@sdcounty.ca.gov

Attorneys for Defendant,
COUNTY OF SAN DIEGO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHTON FORBES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN DIEGO,<br>GOVERNOR GAVIN NEWSOM in his official capacity,<br>SONIA Y. ANGELL in her official capacity, and<br>DOES 1-50,<br><br>　　　　　Defendants. | No. 20-CV-00998-BAS-JLB<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br>**[Fed. R. Civ. P., Rule 12(b)(6)]**<br><br>**[Request for Judicial Notice Filed Concurrently Herewith]**<br><br>**[Joinder in State Defendants' Reply Brief Filed Concurrently Herewith]**<br><br>Judge:　　Hon. Cynthia A. Bashant<br>Mag. Judge: Hon. Jill L. Burkhardt<br><br>Hearing Date: Tuesday, Sept. 8, 2020<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Action Filed:　May 31, 2020<br>Trial Date:　　None Set |

# I.

# INTRODUCTION

Plaintiff Ashton Forbes' single opposition to the State and County defendants' motions to dismiss the Second Amended Complaint ("SAC") makes clear that his claims are, primarily, *policy* disagreements with the State and County public health officials' approach to combatting the novel COVID-19 pandemic. Plaintiff wants defendants to "strongly recommend" that the public wear face coverings, but not mandate it. [*See, e.g.*, ECF 13, at 5, 20.] Such policy disputes are uniquely inappropriate for federal court review. [*See, e.g., Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 538 (2012) (opinion of Roberts, C.J.) (recognizing that federal courts "are vested with the authority to interpret the law," and "possess neither the expertise not the prerogative to make policy judgments."]

With respect to *legal* arguments, Plaintiff's opposition does not persuasively counter those made by defendants in their respective motions to dismiss [ECF 11 and 12]. At bottom, Plaintiff's SAC rests on his contention that face-covering mandates are completely ineffective in reducing the transmission of the novel coronavirus, SARS-CoV-2, and its resulting disease, COVID-19. But Plaintiff's conclusory allegations are insufficient to support the SAC and its request for a federal court injunction, during the middle of a pandemic, barring defendants' public health officials from employing a key tool to slow the spread of COVID-19. With respect, the County of San Diego's motion to dismiss the SAC should be granted.

# II.

# PLAINTIFF'S STATE CONSTITUTIONAL CLAIMS AGAINST THE COUNTY ARE BARRED BY THE ELEVENTH AMENDMENT.

The County joins the State Defendants' argument that Plaintiff's state-law claims are barred by the Eleventh Amendment. [State Defendants' Motion to Dismiss the SAC, ECF 12-1, at 18-19, 24.] In fact, given the unique circumstances of this case, the Eleventh Amendment bars Plaintiff's state-law (including state constitutional) claims against both

the State *and County* defendants. While ordinarily the Eleventh Amendment does not apply to claims against a municipal defendant, an exception exists when the claims are based on the municipal defendant's application or enforcement of state law, and the federal court's resolution of those claims would operate equally against the State defendants. Judge Curiel explained this principle in detail in *Porter v. Gore*, 354 F.Supp.3d 1162, 1179-81 (S.D. Cal. 2018), citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (*Pennhurst*) and *Actmedia, Inc. v. Stroh*, 830 F.2d 957, 964 (9th Cir. 1986) (*Actmedia*).]

  Here, the County's public health order expressly incorporates by reference the State Defendants' statewide mandate that face coverings be worn in certain high-risk situations. [*See, e.g.*, ECF 12-2, RJN Exh. 10 (County public health order), at ¶9, at ECF pp. 55-56.] The State and County face-covering requirements are thus coextensive; the County's public health order in effect instructs County residents to follow the State's statewide mandate that face coverings be worn. [*Id.*] Consequently, if the Court granted Plaintiff's requested relief against the County, and found the County's face-covering requirement invalid under a California statute or the state Constitution, the Court's judgment *necessarily* would affect the State Defendants' ability to enforce their mandate statewide. A federal court interpreting and applying *state* law to declare a *state* official's executive orders and emergency regulations invalid is proscribed by the Eleventh Amendment.

  Thus, for the reasons explained in *Porter*, the State Defendants' Eleventh Amendment defense applies equally to Plaintiff's state-law claims against the County, given that the challenged County regulation is an express incorporation of the State's face-covering mandate. [*Porter, supra,* 354 F.Supp.3d at 1179-81, citing *Pennhurst, supra*, 465 U.S. at 106, 116-117, 121, and *Actmedia, supra*, 830 F.2d at 964.] Any declaration or injunction issued by this Court on the basis that the County's mandate (and thus, the State's mandate) is invalid under California statutory or constitutional law, would constitute the type of harm the Eleventh Amendment was adopted to avoid: "the

1 | 'great[] intrusion on state sovereignty' that arises 'when a federal court instructs state
2 | officials on how to conform their conduct to state law.'" [*Porter, supra,* at 1180, quoting
3 | *Pennhurst, supra*, 465 U.S. at 106.]

## III.

## PLAINTIFF'S OPPOSITION DOES NOT UNDERMINE THE COUNTY'S ARGUMENTS AGAINST PLAINTIFF'S FIVE CAUSES OF ACTION.

The County's motion to dismiss [ECF 11] established that Plaintiff's five causes of action fail to state a claim upon which relief can be granted – both under *Jacobson* analysis, and traditional review – and should therefore be dismissed. [FRCP 12(b)(6).] Nothing in Plaintiff's opposition brief [ECF 13] undermines any of the County's arguments. The motion to dismiss the SAC should be granted.

**A.** **Exercise of Executive Powers During State of Emergency (*Jacobson* Analysis).**

Plaintiff concedes "that public health officials do have the right and power to safeguard their citizenry against contagious disease for the general welfare of their locality." [ECF 13, at 14.] And he acknowledges that judicial review of defendants' face-covering requirements, adopted as an emergency public health measure in response to a pandemic with no vaccine or cure, is deferential under *Jacobson*, requiring only that the mandate (1) have a real and substantial relation to the crisis, and (2) must not represent 'plain, palpable' invasions of clearly protected rights. [ECF 13, at 11, citing *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 31 (1905).] But Plaintiff asserts that the face-covering requirements fail *Jacobson* review, because wearing a mask "has no real or substantial relation, or effect, on . . . slowing the spread of COVID-19 in California." [ECF 13, at 13.] The evidence subject to judicial notice, however, demonstrates that the defendants' public health measures – of which the face-covering requirement is a key part – are in fact slowing the transmission of COVID-19 between individuals, and the rate of growth of COVID-19 cases.

/ / /

/ / /

Contrary to Plaintiff's unsupported contentions, both the State and County COVID-19 metrics are trending in the right direction *with respect to slowing the transmission of COVID-19 between persons* (the principal goal of widespread use of facial coverings), and the Test Positivity rates. Accordingly, Plaintiff's request that this Court enjoin the face-covering requirements on the ground that they are wholly ineffective, and thus arbitrary or irrational, should be rejected. Since the State Defendants enacted California's statewide face-covering mandate on June 18, 2020, the State's and the County's "effective reproduction numbers" ("R-effective" numbers) – the average number of secondary infected persons resulting from an infected individual – have consistently trended downwards. [*See,* Exhibit A to the County's Request for Judicial Notice ("RJN") filed herewith, California COVID-19 graphs of the R-effective trends for the State and San Diego County from June 7, 2020 through August 30, 2020.] Specifically, on and around June 21, 2020, both the State and the County had R-effective numbers at or above 1.2 (meaning that, on average, each person infected with COVID-19 would infect 1.2 other individuals). [RJN, Exh. A.] But after the face-covering requirements went into effect, the R-effective numbers for both the State and County have decreased steadily, and have been less than 1.0 since late July (meaning that, on average, each infected person infects less than one additional individual). [*Id.*] Accordingly, the State and the County have reduced the rate of COVID-19 transmission between persons concurrent with the implementation of the challenged face-covering requirement.

Other key public health data are in accord. Over the last two months, both the State's and the County's Test Positivity rates – the rolling 14-day average of the percentage of COVID-19 tests administered daily that return a result positive for COVID-19 infection –have remained below than the State's goal of 8%. Statewide, the average Test Positivity rate over the last 14 days is 5.3%. [*See*, RJN, Exh. B, California's COVID-19 Statewide Update graph reflecting the State's 14-day average Test Positivity rate through August 30, 2020.] And in San Diego County, the average Test Positivity rate

over the last two weeks is just 3.7%. [*See*, RJN, Exh. C, San Diego County's COVID-19 Percentage Positive graph reflecting the County's 14-day average Test Positivity rate through August 30, 2020.]

Any claim that the face-covering requirements are wholly ineffective and thus "irrational" or "arbitrary" is contradicted by the above-discussed evidence subject to judicial notice. Furthermore, as shown in the County's motion to dismiss, the WHO and the CDC both recommend the use of face coverings when in public to combat the spread of COVID-19.[1] In *Jacobson*, the Supreme Court stressed that in a public health crisis, "it is no part of the function of a court . . . to determine which one of two modes was likely to be the most effective for the protection of the public against disease." [*Jacobson*, *supra*, 197 U.S. at 30.] Further, as Chief Justice Roberts recently observed (in an action challenging a different COVID-19 public health regulation adopted by the State Defendants), "[o]ur Constitution principally entrusts 'the safety and the health of the people' to the politically accountable officials of the States," and that such officials' public health judgments "should not be subject to second guessing" in court where—as here—they "act in areas fraught with medical and scientific uncertainties." [*S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613-14 (2020) (Roberts, C.J., concurring), quoting, *inter alia, Jacobson*, 197 U.S. at 38.]

The Court should reject Plaintiff's efforts to strip the State and County public health officials of a key tool to protect the public from the spread of COVID-19.

---

[1] Plaintiff asserts that the "WHO does not recommend [the use of non-medical face coverings] among the public for control of COVID-19." [ECF 13, at 9, and n. 23.] But the WHO webpage cited by Plaintiff [ECF 13-1, RJN, Exh. K, at ECF p. 80], and the WHO webpage cited by the County in support of its motion [ECF 11-1, RJN, Exh. 7, at ECF p. 44], both state that fabric masks should be used in public where physical distancing is not possible, including "on public transport, in shops or in other confined or crowded environments" – *the same high-risk situations where the State's (and thus the County's) face-covering mandate applies.*

**B.     Plaintiff's Five Causes of Action – Substantive Law Analysis.**

   **1.     *Violation of California's Police Power.***

Plaintiff fails to respond directly to the County's legal arguments in support of its motion to dismiss Plaintiff's first cause of action for "violation of California's police power." First, as the County argued, Plaintiff brought this claim under 42 U.S.C. § 1983 ("Section 1983"), and thus it cannot be based on an allegation that the County's face-covering requirement violates state law. [ECF 11-1, at 18, citing *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).] Plaintiff's opposition does not identify any federal law that the County's order violates. [*See,* ECF 13, at 15-16.]

Assuming that Plaintiff's first cause of action is based on an alleged violation of his Fourteenth Amendment substantive due process rights, he was required to plead facts that, if proved, would establish that the County's (and thus the State Defendants') face-covering requirement "was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" [*Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996), *quoting Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926).] Moreover, under Ninth Circuit precedent, courts "determine[ ] whether governmental action is so arbitrary that a rational basis for the action cannot even be conceived *post hoc*." [*Witt v. Dep't of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008).]

Plaintiff does not argue that a rational basis *cannot even be conceived* for defendants' face-covering requirements. The face-covering mandate follows recommendations of the WHO and the CDC for use of facial coverings in public to combat the transmission of COVID-19, which has thus far (in less than a year's time) infected more than six million individuals, and killed more than 180,000 persons, in the United States alone. [*See,* RJN, Exh. D, CDC COVID Data Tracker, *United States COVID-19 Cases and Deaths by State*, at https://covid.cdc.gov/covid-data-tracker/#cases (last visited September 1, 2020).] The rational basis for the challenged face-covering requirements not only can be conceived, but is readily apparent. Plaintiff's first cause of action should be dismissed.

### 2. *Violation of Constitutional Right to Privacy & Right to Make Personal Medical Decisions.*

Plaintiff's opposition addresses his second and fourth causes of action in one section. [ECF 13, at 16-17.] With respect to his second cause of action (violation of Plaintiff's constitutional right to privacy), Plaintiff's opposition makes no real effort to show how he can state a plausible claim that his constitutional privacy rights are infringed by an emergency public health requirement that he wear a partial facial covering (i.e., a piece of cloth or other material that covers his mouth and nose) only when he is certain high-risk *public* settings.

And with respect to Plaintiff's fourth cause of action, which the SAC frames as the right of "a competent person . . . to decline unwanted medical treatment if they so choose" [ECF 7, at ¶ 75, citing *Cruzan v. Dir., Mo. Dept. of Health*, 497 U.S. 261, 277 (1990)], the opposition provides no facts or argument to support a necessary element of his claim: that defendants' requirement that Plaintiff wear a partial face covering in certain public, high-risk situations amounts to defendants forcing "unwanted medical treatment" on Plaintiff. [*See, Cruzan*, *supra*, 497 U.S. at 277 (holding that "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment.").]

Plaintiff's second and fourth causes of action were alleged in conclusory terms, and his opposition to defendants' motions suggests no facts that could be alleged to state a plausible claim for relief under either theory of liability. Accordingly, the County's motion should be granted and Plaintiff's second and fourth causes of action should be dismissed. [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).]

### 3. *Violation of Constitutional Right to Move Freely.*

Plaintiff's opposition fails to demonstrate that Plaintiff can state a plausible claim that the County violated his constitutional right to travel. Under the United States Constitution, only the right to *interstate* travel has been recognized, and to support such a

1  claim a plaintiff must plead and prove that the government discriminated against the
2  plaintiff on the basis of his or her status as an out-of-state visitor or new resident of the
3  state. [*See, Saenz v. Roe*, 526 U.S. 489, 500 (1999); *Giannini v. Real*, 911 F.2d 354, 357
4  (9th Cir. 1990); *see also, Best Supplement Guide, LLC v. Newsom*, 2020 WL 2615022, at
5  *4–5 (E.D. Cal. May 22, 2020), citing *Nunez ex rel. Nunez v. City of San Diego*, 114 F.3d
6  946, 949 n.7 (9th Cir. 1994) (rejecting a right-to-travel challenge to California's COVID-
7  19 stay-at-home order); *Stilwell v. Clark Cty.*, 2016 U.S. Dist. LEXIS 97421, at *31-33
8  (D. Nev. July 26, 2016).] Plaintiff alleges no facts to support such a claim, either in the
9  SAC or his opposition.

10  Instead, Plaintiff argues in his opposition that defendants' face-covering
11  requirements violate his *state* constitutional right to *intrastate* or *intramunicipal* travel.
12  [ECF 13, at 17-18, citing *Tobe v. City of Santa Ana*, 9 Cal.4th 1069 (1995); Cal. Const.,
13  art. I, §§ 7, 24.] But even assuming such a right exists under the California Constitution,
14  Plaintiff alleges no facts that would support such a claim against the County. California
15  courts "have found violations [of a statute constitutional right to intrastate travel] only
16  when a direct restriction of the right to travel occurred." [*Tobe*, *supra,* 9 Cal.4th at 1101,
17  citing *Adams v. Superior Court*, 12 Cal.3d 55, 61-62 (1974).]

> Indirect or incidental burdens on travel resulting from otherwise lawful governmental action have not been recognized as impermissible infringements of the right to travel and, when subjected to an equal protection analysis, strict scrutiny is not required. If there is any rational relationship between the purpose of the statute or ordinance and a legitimate government objective, the law must be upheld. (*Adams v. Superior Court*, *supra*, 12 Cal.3d 55, 61-62.)

[*Tobe*, *supra,* 9 Cal.4th at 1101.] Federal law is in accord. [*See, e.g., Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999) (recognizing that "minor burdens impacting interstate travel, such as toll roads, do not constitute a violation of the right to travel").]

The defendants' emergency public health measure requiring Plaintiff, and all other California and San Diego County residents (with limited exceptions), to don a partial face covering in certain high-risk, public settings in no way affects Plaintiff's right to travel.

At the very most, the requirements represent the kind of "minor burdens impacting interstate travel, such as toll roads, [that] do not constitute a violation of the right to travel." [*Miller*, *supra*, 176 F.3d at 1205; *see also, Tobe*, *supra,* 9 Cal.4th at 1101.] Plaintiff's third cause of action should be dismissed.

### 4. *Violation of Cal. Const., Art. I, § 1 Right to Liberty.*

With respect to his fifth cause of action for violation of the state constitutional right to liberty, Plaintiff agrees with the County that he must show that the face-covering requirement is "irrational." [ECF 13, at 18; *see, Nat'l Org. for Reform of Marijuana Laws v. Gain*, 100 Cal.App.3d 586, 598 (1979).] In a conclusory manner, Plaintiff defends this claim by stating that the face-covering mandates are irrational, "as shown by data and science." [ECF 13, at 18.] For the reasons, and based on the evidence, set forth in Sections III(A) and III(B)(1), above, the temporary face-covering requirements are not irrational. To the contrary, the requirement that face coverings been worn in public settings has been recognized and adopted around the world as a key public health measure to combat the spread of COVID-19. Plaintiff's fifth cause of action should be dismissed.

## IV.
## CONCLUSION.

For the foregoing reasons, defendant County of San Diego respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint, and each cause of action therein, with prejudice.

DATED: September 1, 2020    THOMAS E. MONTGOMERY, County Counsel

By   s/Timothy M. White
TIMOTHY M. WHITE, Senior Deputy
Attorneys for Defendant,
COUNTY OF SAN DIEGO
E-mail: timothy.white@sdcounty.ca.gov