1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHTON FORBES,<br><br>                              Plaintiff,<br><br>       v.<br><br>COUNTY OF SAN DIEGO; GAVIN NEWSOM, *in his official capacity as the Governor of California*; TOMÁS J. ARAGÓN, *in his official capacity as the State Public Health Officer*,<br><br>                              Defendants. | Case No. 20-cv-00998-BAS-JLB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 11, 12)** |

Plaintiff Ashton Forbes brings this action against the County of San Diego, the Governor of California, and California's Public Health Officer[1] to challenge the face mask requirements imposed during the COVID-19 pandemic.  The County moves to dismiss Plaintiff's action under Federal Rule of Civil Procedure 12(b)(6).   (ECF No. 11.)  California's Governor and its Public Health Officer (collectively, the "State") similarly move to dismiss the action.  (ECF No. 12.)  Plaintiff opposes.  (ECF No. 13.)

---

[1]  The Court substitutes Tomás J. Aragón in place of the former official, Sonia Y. Angell.  *See* Fed. R. Civ. P. 25(d).

The Court finds these motions suitable for determination on the papers submitted and without oral argument.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d).  For the following reasons, the Court **GRANTS** the County's and State's motions.

## I.   BACKGROUND

As part of the State's response to the COVID-19 pandemic, the California Department of Public Health issued Guidance for the Use of Face Coverings ("Mask Rules").  The Mask Rules recite:

> The risk for COVID-19 exposure and infection remains and will continue to be in our midst for the foreseeable next several months.  Since the start of the pandemic, we have learned a lot about COVID-19 transmission, most notably that there are a large proportion of people who are infected but are asymptomatic or pre-symptomatic, and they play an important part in community spread.  The use of face coverings by everyone can limit the release of infected droplets when talking, coughing, sneezing, singing, exercising, shouting, or other forms of increased respiration, and they can also reinforce physical distancing by signaling the need to remain apart.  In addition, increasing evidence also demonstrates a cloth face covering or mask also offers some protection to the wearer, too.
>
> The purpose of this guidance is to provide information about when face coverings are required.  It mandates that face coverings be worn state-wide at all times when outside of the home, unless one or more of the exceptions outlined below apply.

(Mask Rules, ECF No. 17.[2])  The mask exceptions include "[p]ersons who are outdoors and maintaining at least 6 feet of social distancing from others not in their household" and those "who are working in an office or in a room alone."  (*Id.*)  In addition, certain individuals are exempt altogether, including children under two and people "with a medical condition, mental health condition, or disability that prevents wearing a face covering."  (*Id.*)  The County has incorporated the Mask Rules into its Public Health Order regarding

---

[2] Plaintiff's pleading challenges the mask mandate issued on June 18, 2020.  (Second Am. Compl. ("SAC") ¶ 12, ECF No. 7.)  California issued the revised Mask Rules on November 16, 2020.  (ECF No. 17.)  As a practical matter, both the June and November Mask Rules require individuals to wear masks in the circumstances that Plaintiff challenges.  Hence, the Court considers Plaintiff's allegations in light of the revised Mask Rules.

1   the COVID-19 pandemic.  (ECF No. 18; *see also* SAC ¶¶ 9–10 (mentioning the County's
2   prior health orders).)

3          "Plaintiff is a healthy individual."  (SAC ¶ 14.)  His case challenging the Mask Rules
4   relies on two contentions.  First, citing statements and conclusions from various sources,
5   Plaintiff claims that the spread of the virus by asymptomatic carriers "is statistically
6   insignificant."  (*Id.* ¶ 40; *see also id.* ¶¶ 23–32.)  Second, similarly citing a collection of
7   statements and articles, Plaintiff alleges "the science and data do not support the use of
8   masks to stop the spread of COVID-19."  (*Id.* ¶ 40; *see also id.* ¶¶ 33–40.)  Therefore,
9   Plaintiff alleges Defendants' requirement that "healthy individuals . . . wear facial
10  coverings is not reasonably necessary or narrowly tailored to accomplish [their] purported
11  goal of stopping the spread of COVID-19."  (*Id.* ¶ 40.)  Based on these allegations, Plaintiff
12  brings five claims against Defendants, including for violations of California's police power
13  and his constitutional rights to privacy and travel.  (*Id.* ¶¶ 41–85.)  The County and State
14  move to dismiss every claim.

## II.   LEGAL STANDARD

16         A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
17  Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ.
18  P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court must accept
19  all factual allegations pleaded in the complaint as true and must construe them and draw
20  all reasonable inferences from them in favor of the non-moving party.  *Cahill v. Liberty
21  Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a
22  complaint need not contain detailed factual allegations; rather, it must plead "enough facts
23  to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.
24  544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content
25  that allows the court to draw the reasonable inference that the defendant is liable for the
26  misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550
27  U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.*, 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

## III. ANALYSIS

### A. Police Power

Plaintiff's first claim alleges California's Mask Rules exceed its "police power" because "the existing conditions do not warrant a facial covering to prevent the spread of COVID-19." (SAC ¶ 50.) The State argues no such constitutional claim exists. (State's Mot. 11:24–12:13.) The Court agrees.

"The powers not delegated to the United States by the Constitution . . . are reserved to the States respectively, or to the people." U.S. Const. amend. 10. This reservation includes a state's police power. The Supreme Court explained:

//

//

> The Federal Government has expanded dramatically over the past two centuries, but it still must show that a constitutional grant of power authorizes each of its actions.
>
> The same does not apply to the States, because the Constitution is not the source of their power. The Constitution may restrict state governments—as it does, for example, by forbidding them to deny any person the equal protection of the laws. But where such prohibitions do not apply, state governments do not need constitutional authorization to act. The States thus can and do perform many of the vital functions of modern government—punishing street crime, running public schools, and zoning property for development, to name but a few—even though the Constitution's text does not authorize any government to do so. Our cases refer to this general power of governing, possessed by the States but not by the Federal Government, as the "police power."

*Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 535–36 (2012) (citations omitted).

Accordingly, there is no claim for violation of a state's police power under the Constitution. A plaintiff must base his or her claim on one of the Constitution's restrictions on state governments. *See id.*; *see also Bimber's Delwood, Inc. v. James*, No. 20-CV-1043S, ---F. Supp. 3d ---, 2020 WL 6158612, at *18 (W.D.N.Y. Oct. 21, 2020) (rejecting plaintiffs' attempt to challenge COVID-19 restrictions under Ninth and Tenth Amendments). And the statute Plaintiff invokes—42 U.S.C. § 1983—is not a source of substantive rights. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). It is a mechanism for vindicating rights otherwise protected by the Constitution and federal law. *Id.* Therefore, to the extent Plaintiff attempts to plead a claim under 42 U.S.C. § 1983 for violation of California's police power (SAC ¶¶ 41–53), the Court dismisses this claim without leave to amend. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

**B.    Substantive Due Process**

The State suggests the Court can also construe Plaintiff's first cause of action as raising a substantive due process claim. (State's Mot. 15:17–15:4; *accord* County's Mot.

- 5 -

14:4–15:22.)   Plaintiff cites to the Fourteenth Amendment's Due Process Clause while discussing California's police power and various state law cases.   (SAC ¶ 43.)   The Court thus will consider whether he pleads a cognizable substantive due process claim.

_Jacobson v. Massachusetts_.   The Court first considers what framework applies to Plaintiff's substantive due process claim.   The State and County argue the correct framework is the deferential standard found in _Jacobson v. Massachusetts_, 197 U.S. 11, 29 (1905).   In _Jacobson_, the Supreme Court upheld a Massachusetts statute regarding mandatory vaccination.   197 U.S. at 12.   The Court recognized that laws protecting the public health "when endangered by epidemics of disease" fall within a state's broad police power.   _Id._ at 24–25, 37.   _Jacobson_ indicates these laws should survive constitutional scrutiny so long as they have a "real or substantial relation to" protecting the public health and the regulations are not "beyond all question, a plain, palpable invasion of rights secured by [ ] fundamental law."   _See id._ at 31.

Since the COVID-19 pandemic began, various courts have invoked _Jacobson_ to apply a deferential standard of review to claims challenging restrictions on abortion, churches, businesses, and other matters.[3]   This approach has its fair share of critics, particularly in the Free Exercise Clause context.   _See Roman Catholic Diocese of Brooklyn v. Cuomo_, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring) ("_Jacobson_ hardly supports cutting the Constitution loose during a pandemic.   That decision involved an entirely different mode of analysis, an entirely different right, and an entirely different kind of restriction."); _Agudath Israel of Am. v. Cuomo_, 983 F.3d 620, 635 (2d Cir. 2020) (reasoning _Jacobson_ should not be relied upon "for the notion that courts should defer to the executive

---

[3]   _See, e.g._, _In re Abbott_, 954 F.3d 772, 784–87 (5th Cir. 2020) (abortion-related challenge to executive order postponing certain surgeries and procedures), _vacated and ordered dismissed as moot_, 2021 WL 231539 (U.S. Jan. 25, 2021); _In re Rutledge_, 956 F.3d 1018, 1028 (8th Cir. 2020) (same); _Gish v. Newsom_, No. EDCV 20-755 JGB (KKx), 2020 WL 1979970, at *4–5 (C.D. Cal. Apr. 23, 2020) (challenge concerning free exercise of religion); _Six v. Newsom_, 462 F. Supp. 3d 1060, 1066 (C.D. Cal. 2020) (challenges concerning travel, weddings, free association, and employment); _Page v. Cuomo_, 478 F. Supp. 3d 355, 364–369 (N.D.N.Y. 2020) (challenge to fourteen-day self-quarantine requirement); _Luke's Catering Serv., LLC v. Cuomo_, No. 20-CV-1086S, --- F. Supp. 3d ---, 2020 WL 5425008, at *8–13 (W.D.N.Y. Sept. 10, 2020) (catering businesses' challenge to restrictions on gatherings).

in the face of the COVID-19 pandemic"). That said, because the Supreme Court has not overruled *Jacobson*, courts have continued to apply the decision. *See, e.g.*, *Hopkins Hawley LLC v. Cuomo*, No. 20-CV-10932 (PAC), 2021 WL 465437, at *3–6 (S.D.N.Y. Feb. 9, 2021); *Tandon v. Newsom*, No. 20-CV-07108-LHK, 2021 WL 411375, at *16–19 (N.D. Cal. Feb. 5, 2021); *Delaney v. Baker*, No. CV 20-11154-WGY, 2021 WL 42340, at *13–14 (D. Mass. Jan. 6, 2021). Moreover, this case does not involve the Free Exercise Clause. Because *Jacobson* remains good law, the Court will apply it to Plaintiff's substantive due process claim.

Under *Jacobson*, the Mask Rules survive scrutiny unless: (A) the rules have no real or substantial relation to public health, or (B) the rules are "beyond all question, a plain, palpable invasion of rights secured by [ ] fundamental law." *See* 197 U.S. at 37. As mentioned above, in issuing the Mask Rules, the State explained that:

> Since the start of the pandemic, we have learned a lot about COVID-19 transmission, most notably that there are a large proportion of people who are infected but are asymptomatic or pre-symptomatic, and they play an important part in community spread. The use of face coverings by everyone can limit the release of infected droplets when talking, coughing, sneezing, singing, exercising, shouting, or other forms of increased respiration, and they can also reinforce physical distancing by signaling the need to remain apart. In addition, increasing evidence also demonstrates a cloth face covering or mask also offers some protection to the wearer, too.

(Mask Rules 1.)

Plaintiff does not plausibly plead that the Mask Rules have no real or substantial relation to public health. The Court accepts almost all Plaintiff's factual allegations as true.[4] When construed in his favor, these allegations provide there is a dispute over the

---

[4] The Court is not required to "accept as true allegations that contradict matters properly subject to judicial notice." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). In support of his claims, Plaintiff cites to statements made by the CDC and others, including a February 2020 tweet that the "CDC does not currently recommend the use of facemasks to help prevent" COVID-19. (SAC ¶ 35.) The State asks the Court to take judicial notice of the CDC's press release that shows the agency now recommends mask usage. (ECF No. 12-2, Ex. 8.) The Court grants the request. Although statements in the press release regarding masks' effectiveness may be subject to dispute, the fact that the CDC now

need for masks to prevent asymptomatic spread of COVID-19 and doubts as to masks'
effectiveness.  Plaintiff's complaint does not address the other benefit of masks cited by
the State in its Mask Rules—that "they can also reinforce physical distancing by signaling
the need to remain apart."  (*Id.*)  Regardless, however, *Jacobson* forbids the type of second-
guessing that Plaintiff's complaint seeks in the context of a public health emergency.  *See*
197 U.S. at 30 ("It is no part of the function of a court or a jury to determine which one of
two modes was likely to be the most effective for the protection of the public against
disease.").  And Plaintiff's allegations do not plausibly state the Mask Rules lack a real or
substantial relation to public health under *Jacobson*.

Nor does Plaintiff's pleading plausibly allege the Mask Rules are "beyond all
question, a plain, palpable invasion of rights secured by [] fundamental
law."  *See Jacobson*, 197 U.S. at 37.  "The substantive component of the Due Process
Clause forbids the government from depriving a person of life, liberty, or property in such
a way that . . . interferes with rights implicit in the concept of ordered liberty."  *Engquist
v. Oregon Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir. 2007) (quotation omitted).  As the
Ninth Circuit explained, "[s]ubstantive due process has . . . been largely confined to
protecting fundamental liberty interests such as marriage, procreation, contraception,
family relationships, child rearing, education and a person's bodily integrity, which are
'deeply rooted in this Nation's history and tradition.'"  *Franceschi v. Yee*, 887 F.3d 927,
937 (9th Cir. 2018) (quoting *Moore v. East Cleveland*, 431 U.S. 494, 503 (1977)).

Plaintiff's first claim does not identify a fundamental liberty interest protected by
the substantive component of the Due Process Clause.  Other cases involving COVID-19
restrictions have considered whether the pursuit of one's profession, the right to marry, and
other concerns are fundamental liberty interests that fall under *Jacobson*'s test.  *See, e.g.*,
*Tandon v. Newsom*, No. 20-CV-07108-LHK, 2021 WL 411375, at *16 (N.D. Cal. Feb. 5,
2021); *Six*, 462 F. Supp. 3d at 1070–72.  Here, Plaintiff's first claim concerns only whether

---

recommends mask usage is not subject to reasonable dispute.  *See DeHoog v. Anheuser-Busch InBev
SA/NV*, 899 F.3d 758, 762 n.5 (9th Cir. 2018).

he must wear a mask during the pandemic as a healthy individual.  He does not plausibly allege that this interest is "deeply rooted in this Nation's history and tradition."  *See Franceschi*, 887 F.3d at 937.  And as the Supreme Court noted,

> in every well-ordered society charged with the duty of conserving the safety of its members the rights of the individual in respect of his liberty may at times, under the pressure of great dangers, be subjected to such restraint, to be enforced by reasonable regulations, as the safety of the general public may demand.

*Jacobson*, 197 U.S. at 29.  Consequently, Plaintiff fails to state a substantive due process claim under *Jacobson*.

Rational Basis Review.  In addition, even if *Jacobson* did not apply, the Court would apply traditional rational basis review to this claim.  "Substantive due process 'forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'"  *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)).  Plaintiff does not plausibly state the Mask Rules shock the conscience.  *Cf. Rochin v. California*, 342 U.S. 165, 172 (1952) (reasoning officers' forcible pumping of suspect's stomach for morphine capsules shocked the conscience).

Moreover, because Plaintiff does not identify a fundamental right underpinning his substantive due process claim, the Mask Rules survive scrutiny "so long as they are 'rationally related to legitimate government interests.'"  *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997)).  "Rational basis review is highly deferential to the government, allowing any conceivable rational basis to suffice."  *Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, 880 F.3d 450, 457 (9th Cir.), *amended*, 881 F.3d 792 (9th Cir. 2018).  Under this test, the Mask Rules are "not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data."  *See F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993).

Plaintiff's first claim does not plausibly plead that the Mask Rules lack any rational basis.  His contentions disputing the scientific basis for the Mask Rules are simply not enough to state a plausible clam that the rules are not rationally related to a legitimate government interest.  *See, e.g.*, *Hopkins Hawley LLC v. Cuomo*, No. 20-CV-10932 (PAC), 2021 WL 465437, at *7 (S.D.N.Y. Feb. 9, 2021) (reasoning plaintiffs averments that COVID-19 policy "went against the grain of scientific proof" did not satisfy the high bar for rational basis review).  At minimum, "rational speculation" could support the use of masks to reinforce physical distancing and limit the spread of infected droplets during a pandemic.  *See Beach Commc'ns*, 508 U.S. at 315.

Accordingly, to the extent Plaintiff's first cause of action raises a substantive due process claim, the Court dismisses the claim.  The Court is doubtful that Plaintiff can state an amended claim that survives scrutiny under Rule 12(b)(6).  Also, Plaintiff has previously amended his pleading.  However, this order is the first time the Court has addressed the legal sufficiency of Plaintiff's claims.  Therefore, given the liberal policy favoring amendment, the Court will dismiss this claim with leave to amend.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (listing the leave to amend factors).

### C.    Privacy

Plaintiff's second claim alleges the Mask Rules violate his constitutional right to privacy.  (SAC ¶¶ 54–62.)  He alleges his privacy is being violated because the rules "forc[e] him to wear a facial covering."  (*Id.* ¶ 60.)  Defendants argue this claim is implausible because it is conclusory, and the right to privacy includes only fundamental personal rights.  (State's Mot. 15:5–27; County's Mot. 15:23–16:17.)

"The Supreme Court has recognized that one aspect of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment is 'a right of personal privacy, or a guarantee of certain areas or zones of privacy.'"  *Parents for Privacy v. Barr*, 949 F.3d 1210, 1222 (9th Cir. 2020) (quotation marks omitted) (quoting *Carey v. Population Servs. Int'l*, 431 U.S. 678, 684 (1977)).  The right to privacy "includes 'at least two constitutionally protected privacy interests: the right to control the disclosure of sensitive

20cv0998

information and the right to 'independence [in] making certain kinds of important decisions.'" *Id.* at 1222 (quoting *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1207 (9th Cir. 2005)).  These important decisions are those related to "the most intimate of human activities and relationships," such as marriage, procreation, contraception, family relationships, raising children, and education. *See Carey*, 431 U.S. at 684–85.

Plaintiff's privacy claim largely overlaps with his substantive due process claim. The Court finds it is implausible for the same reasons expressed above.  Further, as Defendants argue, Plaintiff's pleading does not identify a constitutionally protected privacy interest.  The requirement that an individual wear a mask in public within six feet of persons from other households during a pandemic does not concern the disclosure of "sensitive information." *See Parents for Privacy*, 949 F.3d at 1222.  Nor does Plaintiff plausibly allege that this requirement interferes with the "certain kinds of important decisions" covered by Fourteenth Amendment privacy jurisprudence—those related to the most intimate of human activities and relationships. *See id.*; *see also Carey*, 431 U.S. at 684–85.

Hence, the Court grants Defendants' request to dismiss Plaintiff's second claim.  The Court dismisses this claim with leave to amend for the same reasons as his substantive due process claim.

### D.  Travel

Plaintiff's third claim invokes the right to travel.  (SAC ¶¶ 63–71.)  He alleges the Mask Rules restrict "his right to travel within the County by forcing him to make a decision between wearing a facial covering which provides no medical benefit and in fact creates other collateral health risks, or remain a prisoner in his own home." (*Id.* ¶ 67.)  Plaintiff further claims that requiring him to choose "between violating his right to travel and move freely or his right to privacy violates his rights under the Fourteenth Amendment, Section 1 of the United States Constitution." (*Id.* ¶ 69.)  The State and County argue this claim is defective because the constitutional right to travel concerns interstate travel, and the Mask

Rules do not otherwise violate this right.  (State's Mot. 16:1–26; County's Mot. 16:18–18:2.)

In rejecting a travel-related challenge to California's COVID-19 regulations, Judge Staton aptly summarized the relevant law:

> "The word 'travel' is not found in the text of the Constitution.  Yet the 'constitutional right to travel *from one State to another*' is firmly embedded in [Supreme Court] jurisprudence."  *Saenz v. Roe*, 526 U.S. 489, 498 (1999) (emphasis added) (quoting *United States v. Guest*, 383 U.S. 745, 757 (1966)). As recognized by the Supreme Court, the right to travel "embraces at least three different components."  *Saenz*, 526 U.S. at 500.
>
>> It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.
>
> *Id.*  But neither the Supreme Court nor the Ninth Circuit have recognized as a protected component the right to *intrastate* travel, which Plaintiffs invoke. *See Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944, 944 n.7 (9th Cir. 1997) . . . . Because any restrictions on Plaintiffs' (and California residents') right to travel involve intrastate travel, Plaintiffs' claim for violation of the right to travel is not likely to succeed on the merits, nor does it raise a serious question going to the merits.

*Six*, 462 F. Supp. 3d at 1069 (record citation omitted).

Plaintiff does not state a plausible claim based on his right to travel.  The Mask Rules do not prevent him from engaging in interstate travel.  And even if there is a constitutional right to travel within the State, Plaintiff includes no facts to explain how the Mask Rules restrict his ability to travel within the State.  Thus, the Court dismisses this claim and grants leave to amend for the same reasons expressed above.

### E.    Medical Decisions

Plaintiff's fourth claim similarly arises under the Fourteenth Amendment's Due Process Clause.  He alleges the Mask Rules violate his right to make personal medical decisions.  (SAC ¶¶ 72–79.)  That is, the Mask Rules allegedly force Plaintiff to "make a

1  medical choice for his person by requiring the wearing of a facial covering when in public."

2  (*Id.* ¶ 76.)  And as an informed citizen, Plaintiff alleges that he "understands the wearing

3  of a facial covering does not effectively protect him from COVID-19 nor does it effectively

4  protect others in his immediate vicinity."  (*Id.*)  Defendants argue this claim fails because

5  the Mask Rules do not force Plaintiff to receive unwanted medical treatment, and

6  Defendants further argue any intrusion on Plaintiff's right to decline unwanted medical

7  treatment is minor and does not violate his right.  (State's Mot. 17:3–23; County's Mot.

8  18:3–15.)

9         Individuals have a constitutional liberty interest under the Due Process Clause to

10  refuse medical treatment.  *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S.

11  261, 278 (1990).  For example, the forced administration of antipsychotic drugs,

12  *Washington v. Harper*, 494 U.S. 210, 221–22 (1990), and the transfer to a mental hospital

13  along with mandatory behavior modification treatment, *Vitek v. Jones*, 445 U.S. 480, 487

14  (1980), implicate this interest.  And *Jacobson* itself can be viewed as a substantive due

15  process case concerning medical decisions; the Supreme Court rejected the claim that the

16  Constitution prevented Massachusetts from enforcing its compulsory vaccination law

17  against an individual's will.  197 U.S. at 39; *see also Zucht v. King*, 260 U.S. 174, 176

18  (1922) (noting *Jacobson* settled that it is within the police power of a state to provide for

19  compulsory vaccination).

20         The Court agrees that Plaintiff's fourth claim is untenable.  It is implausible for the

21  same reasons as his generalized substantive due process claim considered above.

22  Moreover, Plaintiff does not sufficiently allege that the Mask Rules implicate the type of

23  unwanted medical treatment that falls under the Fourteenth Amendment's Due Process

24  Clause.  The requirement that an individual wear a mask in public within six feet of persons

25  from other households during a pandemic is a far cry from compulsory vaccination,

26  mandatory behavior modification treatment in a mental hospital, and other comparable

27  intrusions into personal autonomy.  The Court also doubts that requiring people to wear a

28  mask qualifies as "medical treatment" within the meaning of the Due Process Clause.

20cv0998

Because Plaintiff's fourth claim lacks plausibility, the Court similarly dismisses it with leave to amend.

### F.    California Constitution

Plaintiff's fifth and final claim alleges the Mask Rules violate Article 1, Section 1 of the California Constitution "by depriving him of his liberty to freely move about in public" and invading "the privacy of his person by requiring him to wear a facial covering that does not accomplish the state's goal of stopping the spread of COVID-19."  (SAC ¶¶ 80–85.) However, because the Court has dismissed Plaintiff's federal claims, the Court declines to reach this state law claim.  *See* 28 U.S.C. § 1367(c)(3) (providing the court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all the claims over which it has original jurisdiction").

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. (ECF Nos. 11, 12.)  Specifically, the Court dismisses Plaintiff's first claim for violation of California's police power with prejudice.  The Court, however, dismisses without prejudice Plaintiff's first claim to the extent it raises a substantive due process challenge to the Mask Rules.  Further, the Court dismisses without prejudice Plaintiff's second, third, and fourth claims.  Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's fifth claim and dismisses it without prejudice.  If Plaintiff wishes to file a Third Amended Complaint, he must do so no later than **March 26, 2021**.

**IT IS SO ORDERED.**

DATED: March 4, 2021

Hon. Cynthia Bashant
United States District Judge

- 14 -

20cv0998